Richard William Claxton
8047 South 2nd Street
Phoenix, Arizona 85042
Cell: 602-546-9832
Gmail: ruleoflawman@gmail.com



# IN THE UNITED STATES DISTRICT COURT FOR

## ARIZONA DISTRICT OF MARICOPA

| | |
|---|---|
| | **CV21-00178-PHX-GMS--DMF** |
| Richard William Claxton, Petitioner | UNITED DISTRICT COURT NO._____ |
| vs- | ARIZONA SUPREME COURT NO. CV-20-0017-PR |
| ARIZONA BOARD OF EXECUTIVE CLEMENCY, Respondent. | ARIZONA COURT OF APPEALS NO. 1 CA-CV 19-0250 |
| | MARICOPA COUNTY SUPERIOR COURT NO. CV2020-17-013458 |
| | **PETITION FOR WRIT OF HABEAS CORPUS BY NON-PRISONER** |

Comes now, Richard William Claxton, in propria persona, under the less stringent standards afforded a layman of the law, who does not choose to

1

represent himself, but is forced to represent himself, or forego pursuing his litigation because he can not afford legal counsel. Therefore Petitioner begs this Honorable Court to rule on the subject matter of this action, rather than any procedural malfunctions that may be encountered herein.

## ISSUES PRESENTED FOR REVIEW

1. Petitioner declares that the Arizona Court of appeals erroneously dismissed his appeal for lack of jurisdiction.

2. The Appellate Court's "Order Dismissing Appeal" was not signed (See exhibit A) and yet the State responded to Petitioner's Petition for Review on the merits without mention of the Appellate Court's unsigned order dismissing appeal showing that the State also believed it was a final judgment, and the State also responded on the merits of Petitioner's appeal of the Superior Court's unsigned Minute Entry (See exhibit B), also believing it was a final judgment, which, if you read it, it was final.

3. Petitioner was denied procedural and substantive due process, both state and federal, and equal protection under the Fourteenth (14th) Amendment because of the Court of Appeal's dismissal of his appeal because of lack of jurisdiction, without bothering to address the merits.

4. The Arizona Supreme Court denied Petitioner's petition for review without comment (See exhibit C), ignoring the Court of Appeal's unsigned "Order Dismissing Appeal", and instead blindly acted on the Court of Appeal's dismissal because of the jurisdictional issue without regard for the merits of Petitioner's Petition for Review, thus violating Petitioner's procedural and substantive state and federal due process rights, and equal protection under the Fourteenth (14th) Amendment.

## FACTS OF THE CASE

Petitioner filed a complaint in the Superior Court seeking special action relief from the decision from the Arizona Board of Executive Clemency for not allowing him to cross-examine Carl Engstrand, a witness against Petitioner at his parole revocation hearing on August 24, 2017, where Petitioner had evidence proving Engstrand was lying. The Superior Court declined jurisdiction of the complaint and Petitioner appealed that ruling to the Court of Appeals in 2018. The Court of Appeals reversed and remanded for further proceedings in a decision filed on February 07, 2019 (See exhibit D). On March 04, 2019, the superior court issued an unsigned minute entry noting the court of appeal's ruling and accepted jurisdiction of Petitioner's special action but denying relief. Several months later the

3

superior court amended the March 04, 2019 minute entry to include a signature and Rule 54(c) language. On December 12, 2019, the court of appeals issued its unsigned order dismissing Petitioner's appeal for lack of jurisdiction. Petitioner filed a petition for review to the Arizona Supreme Court, and it denied Petitioner's petition for review on April 03, 2020 (id).

## REASONS FOR GRANTING THIS PETITION FOR WRIT OF HABEAS CORPUS

"Other courts, without detailed analysis, note that the dismissal of pro se complaints absent meaningful opportunity to be heard is inconsistent with due process", and "judicial advising of procedural requirements to pro se litigants provides an unburdensome method of alleviating forfeitures of claims before an adequate hearing" 1194 (D.C. Cir. 1983) Bin v. Estelle, 660 F.2d 592. In Petitioner's case, he is being punished for being too diligent, and lacking procedural knowledge. Petitioner was not trying to gain an unfair advantage over the Appellees, he was simply unschooled in procedural law, and in fact the Petitioner displayed a clear intent to appeal giving Appellees plenty of notice so they were not prejudiced.

The Arizona Supreme Court has held that:

4

"[W]hen adequate notice to appeal has been given to the other party, no mere technical error should prevent the appellate court from reaching the merits of the appeal***. There is no evidence in the record that the incorrect date misled or prejudiced appellees." See Barassi v. Matison, 130 Ariz. 418 (1981). Nor was there in Petitioner's case.

The Court of Appeals and the Supreme Court have punished Petitioner for a mere technical error by not allowing him to fully litigate his case, violating his procedural and substantive due process and equal protection under the Fourteenth (14th) Amendment.

## RELIEF:

Based on the foregoing Petitioner asks this Court to grant his Petition for Writ of Habeas Corpus and return his case to the Superior Court to be heard on the merits of his case, and any other relief this Court feels is appropriate.

I, Richard William Claxton declare under the penalty of perjury that the foregoing is true and correct.

Submitted this 1st day of February, 2021 by:

*Richard William Claxton*
Richard William Claxton

1

Exhibit A

IN THE
# COURT OF APPEALS
STATE OF ARIZONA
DIVISION ONE



DIVISION ONE
FILED: 12/12/19
AMY M. WOOD,
CLERK
BY: RB

)  Court of Appeals
)  Division One
)  No. 1 CA-CV 19-0250
)
)
)  Maricopa County
)  Superior Court
)  No. CV2017-013458
)
)
)  DEPARTMENT M
)
)

RICHARD CLAXTON,

        Plaintiff/Appellant,

        v.

ARIZONA BOARD OF EXECUTIVE
CLEMENCY,

        Defendant/Appellee.

## ORDER DISMISSING APPEAL

Judges Kenton D. Jones, Michael J. Brown, and Peter B. Swann have reviewed the record in this appeal pursuant to the court's duty to determine whether it has jurisdiction. See *Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465 (App. 1997).

Appellant filed a complaint in the superior court seeking special action relief from a decision of the Arizona Board of Executive Clemency. The court declined jurisdiction of the complaint, and appellant appealed that ruling in 2018. This court reversed and remanded for further proceedings in a decision filed on February 7, 2019, but did not issue the mandate until March 18, 2019. On March 4, 2019, the superior court issued an unsigned minute entry noting this court's ruling, accepting jurisdiction of appellant's special action, and denying relief. Several months later, the court amended the March 4, 2019 minute entry to include a signature and Rule 54(c) language.

"An appellate proceeding . . . does not terminate until the appellate court's mandate issues." *In re Marriage of Flores and Martinez*, 231 Ariz. 18, ¶ 10 (App. 2012) (dismissing appeal for lack of jurisdiction because the superior court entered the order being appealed before the appellate court issued a mandate); *see also* ARCAP 24(a) ("An appellate court retains jurisdiction of an appeal until it issues the mandate."). Because this court had not yet issued the mandate on appellant's first appeal, the superior court lacked jurisdiction to enter the March 4, 2019 order, and appellant cannot appeal it. *In re Marriage of Flores and Martinez*, 231 Ariz. 18, ¶ 12. Therefore,

IT IS ORDERED dismissing this appeal for lack of jurisdiction.

_____/s/_____
Kenton D. Jones, Presiding Judge

A copy of the foregoing
was sent to:

Richard William Claxton
Kelly Gillilan-Gibson
Raymond L Billotte

Exhibit B

NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
DIVISION ONE

RICHARD CLAXTON, *Plaintiff/Appellant,*

v.

ARIZONA BOARD OF EXECUTIVE CLEMENCY, *Defendant/Appellee.*

No. 1 CA-CV 18-0196
FILED 2-7-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-013458
The Honorable Hugh E. Hegyi, Judge (Retired)

**REVERSED AND REMANDED**

COUNSEL

Richard William Claxton, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

C R U Z, Judge:

¶1 Richard Claxton appeals the superior court's order declining jurisdiction over his complaint challenging the revocation of his parole. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2 The Arizona Board of Executive Clemency (the "Board") released Claxton on parole in 2014. Three years later, Claxton became involved in a custody dispute between his girlfriend, Laura Cavness, and her daughter, Caitlin Cavness, concerning Laura's son. As a result, Caitlin and her husband, Carl Engstrand[1], obtained an injunction prohibiting Claxton from contacting them or Laura's son. Claxton violated the injunction by calling the son.

¶3 Caitlin and Engstrand notified Claxton's parole officer that he had violated the injunction. The officer instructed Claxton not to have any contact with Caitlin, Engstrand, or Laura's son—including through a third party—and modified Claxton's conditions of parole to include that restriction. Claxton signed a written acknowledgement of the new condition.

¶4 Claxton then allegedly contacted Engstrand through a third party. Engstrand notified Claxton's parole officer about the contact, and the Department of Corrections ("Department") arrested Claxton and returned him to custody. Claxton requested a revocation hearing, after which the Board determined he had violated the terms and conditions of his supervision and revoked his parole.

¶5 Claxton filed a complaint in the superior court seeking special action relief directing the Board to schedule a new hearing at which he could call and cross-examine witnesses and present additional evidence. He asserted that the Board denied him due process of law because it did not allow him to cross-examine his parole officer or Engstrand, did not allow his witness to finish her testimony, and did not allow him to take a polygraph test.

¶6 He also asked the court to declare, under Arizona's Declaratory Judgments Act, Arizona Revised Statutes ("A.R.S.") sections

---

[1] The record and appellate briefs contain conflicting spellings of Mr. Engstrand's name. We adopt this spelling based on our review of the record and the related custody case.

12-1831 to -1846, that the Board's revocation hearing violated his right to call and cross-examine witnesses, denied him evidence he needed to prove his defense, and did not comply with Department policies. He asked the superior court to declare that there was no evidence to support the Board's determination that Claxton had violated the terms and conditions of his parole.

¶7      The Board urged the superior court to decline jurisdiction of Claxton's complaint and dismiss the action, arguing he had waived his right to present and cross-examine witnesses at the revocation hearing and had not demonstrated he suffered any prejudice. The court declined jurisdiction of the complaint "without prejudice to [Claxton] bringing his claims as an appeal from a lower court order, rather than as a special action."[2]

¶8      Claxton timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1). *See State v. Chopra*, 241 Ariz. 353, 355, ¶ 8 (App. 2016) (concluding § 12-2101(A)(1) confers appellate jurisdiction over the superior court's final judgment declining to accept jurisdiction over a special action).

## DISCUSSION

¶9      Claxton argues the superior court abused its discretion by declining special action jurisdiction of his complaint.

¶10     The superior court has discretion to accept or decline jurisdiction over a special action, *Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, 182, ¶ 21 (App. 2005), and we conduct a bifurcated review of the court's ruling. *Chopra*, 241 Ariz. at 355, ¶ 9. If the court accepted jurisdiction, we review the decision on the merits. *Id*. If it declined jurisdiction, "we determine only whether it abused its discretion by doing so." *Id*. Although the decision to accept jurisdiction is highly discretionary, *Carrington v. Ariz. Corp. Comm'n*, 199 Ariz. 303, 305, ¶ 6 (App. 2000); Ariz. R.P. Spec. Act. 3, State Bar Committee Note, the court abuses its discretion if it commits an error of law in reaching its decision. *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001); *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56

---

[2]     The superior court declined jurisdiction of the complaint and certified under Arizona Rule of Civil Procedure 54(c) that no further matters remained pending. We presume, therefore, that it also intended to, and did, dismiss Claxton's declaratory judgment claim.

3

(1982) (noting the superior court may abuse its discretion by committing an error of law in the process of reaching a discretionary decision).

¶11    Special action jurisdiction "is appropriate when no equally plain, speedy, and adequate remedy by appeal exists." *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001) (citations omitted); Ariz. R.P. Spec. Act. 1(a). The superior court declined jurisdiction of Claxton's complaint, "without prejudice to [him] bringing his claims as an appeal from a lower court order, rather than as a special action." The court's decision to decline jurisdiction, therefore, appears to have been based upon its belief that Claxton had an equally plain, speedy, and adequate remedy by appeal. However, Claxton had no right to appeal the Board's decision. *See Sheppard v. Ariz. Bd. of Pardons & Paroles*, 111 Ariz. 587 (1975) (noting that the Administrative Review Act [now the Judicial Review of Administrative Decisions Act] does not apply to the Board of Pardons and Paroles [now the Board of Executive Clemency]); *cf. Rose v. Ariz. Dep't of Corr.*, 167 Ariz. 116, 120-21 (App. 1991) (holding the [Judicial Review of Administrative Decisions Act] does not provide judicial review of Arizona Department of Corrections inmate disciplinary hearings and decisions).

¶12    Because the superior court based its decision to decline special action jurisdiction on an error of law, it abused its discretion. *Files*, 200 Ariz. at 65, ¶ 2; *Grant*, 133 Ariz. at 455-56. Accordingly, we reverse the court's order declining jurisdiction and remand for the superior court to reconsider Claxton's complaint.

## CONCLUSION

¶13    For the foregoing reasons, we reverse and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

Exhibit C



# Supreme Court
### STATE OF ARIZONA

ROBERT BRUTINEL
Chief Justice

ARIZONA STATE COURTS BUILDING
1501 WEST WASHINGTON STREET, SUITE 402
PHOENIX, ARIZONA 85007
TELEPHONE: (602) 452-3396

JANET JOHNSON
Clerk of the Court


April 3, 2020


**RE: RICHARD CLAXTON v ABEC**
Arizona Supreme Court No. CV-20-0017-PR
Court of Appeals, Division One No. 1 CA-CV 19-0250
Maricopa County Superior Court No. CV2017-013458

GREETINGS:

The following action was taken by the Supreme Court of the State of Arizona on April 3, 2020, in regard to the above-referenced cause:

**ORDERED: Petition for Review = DENIED.**

Janet Johnson, Clerk




TO:
Richard William Claxton
Kelly Gillilan-Gibson
Amy M Wood
ga

Exhibit D

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-013458                                      02/26/2019

HONORABLE COLLEEN L. FRENCH           CLERK OF THE COURT
                                                         G. Verbil
                                                           Deputy

RICHARD CLAXTON                          RICHARD CLAXTON
                                                   PO BOX 24406 SANTA RITA
                                                   TUCSON AZ 85734

v.

ARIZONA BOARD OF EXECUTIVE           KELLY ELAINE GILLILAN-GIBSON
CLEMENCY

                                                   COMM. FRENCH

MINUTE ENTRY

The Court's previous ruling declining jurisdiction of this Special Action was reversed and remanded by the Arizona Court of Appeals by Memorandum Decision dated 2/7/19.

This Court has reviewed Plaintiff's "Complaint for Special Action Complaint for Declaratory Judgment," Respondent's Response to Complaint for Special Action, and Plaintiff's Reply to Defendants (sic) Response to Complaint for Special Action.

THE COURT FINDS that Plaintiff waived his right to present the evidence he now seeks to include in this case by his failure to present any such evidence at his revocation hearing. Therefore,

IT IS ORDERED accepting jurisdiction of this Special Action, but declining relief.

**CERTIFICATE OF SERVICE:**

On February 1, 2021 I mailed/delivered the original and two (2) copies to the foregoing to the United States District Court for the District of Arizona drop-off box, and

Mailed a copy of the foregoing this same day to;

Kelly Gillilan-Gibson
Assistant Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004-1592
By: *[signature]*